IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DONALD W. WINDHOVEL,**     1:13-CV-00056-BR

      **Plaintiff,**     OPINION AND ORDER

v.

**CAROLYN W. COLVIN,**
**Commissioner, Social Security**
**Administration,**[1]

      **Defendant.**


**TIM D. WILBORN**
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

    Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**KATHY REIF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3851

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Donald W. Windhovel seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on June 29, 2010,

2 - OPINION AND ORDER

alleging a disability onset date of April 30, 2009. Tr. 117-19.[2] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 8, 2011. Tr. 7-33. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on December 29, 2011, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits. Tr. 54-60. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on November 8, 2012, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born April 28, 1954, and was 57 years old at the time of the hearing. Tr. 34. Plaintiff completed high school. Tr. 10. Plaintiff has past relevant work experience as a sheet-metal fabricator and shop foreman. Tr. 148.

Plaintiff alleges disability due to lung cancer and back pain. Tr. 56.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

---

[2] Citations to the official transcript of record filed by the Commissioner on July 9, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 57-58.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

4 - OPINION AND ORDER

(9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

6 - OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

### **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 2010.  Tr. 56.

At Step Two the ALJ found Plaintiff has the severe impairments of "lung cancer and back [pain]." Tr. 56.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 56. The ALJ found Plaintiff has the RFC to perform medium work with the limitation that Plaintiff avoid exposure to concentrated fumes, dusts, gases, and poor ventilation. Tr. 57.

At Step Four the ALJ concluded Plaintiff was able to perform his past relevant work as a shop foreman. Tr. 59.

At Step Five the ALJ alternatively found Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 59. Accordingly, the ALJ found Plaintiff was not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to properly develop the record, (2) improperly rejected Plaintiff's testimony, and (3) did not give a complete vocational hypothetical to the VE.

**I.  The ALJ did not fail to develop the record.**

Plaintiff asserts the ALJ erred when he failed to fully develop the record. Specifically, Plaintiff contends the ALJ

8 - OPINION AND ORDER

should have requested and obtained an RFC assessment from each of Plaintiff's medical sources.  Plaintiff points out that Plaintiff received a CT scan on December 14, 2011, that suggested the possibility that Plaintiff's lung cancer may have returned.  Plaintiff asserts in light of the December 14, 2011, CT scan results, the ALJ should have recontacted Plaintiff's treating physician for a statement concerning Plaintiff's functional limitations.

   The Commissioner points out that the Social Security Regulations require the Commissioner to develop a claimant's medical record as follows:  "Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application."  20 C.F.R. § 404.1512(d).  Here the record reflects the Commissioner contacted each medical source who Plaintiff identified in his application and requested Plaintiff's medical records.  Tr. 154, 157, 163-64, 172.  The record also reflects the Commissioner included a request for each medical source's "opinion about both physical and/or mental function.  IF APPLICABLE, discuss the claimant's ability to: sit, stand, walk, lift, carry, handle objects, hear, speak, travel, perform work-related mental activities . . ., sustain concentration, persist, socially interact and adapt."  Tr. 232.  Despite the Commissioner's request, none of Plaintiff's medical

9 - OPINION AND ORDER

providers submitted a medical-source opinion with their records, and there is not any indication in the record that Plaintiff's medical sources would have provided an opinion if the ALJ had asked them a second time.  Moreover, the ALJ solicited medical-source statements from two Disability Determination Services (DDS)[3] examiners in June 2010 in an effort to obtain a medical-source statement to aid in evaluation of Plaintiff's claim.

The Commissioner also points out that Plaintiff's doctor noted a small spot on Plaintiff's right lung four months before the November 2011 hearing.  The record, however, reflects the spot was not significant enough to merit a biopsy, and Plaintiff's doctors merely planned to watch the spot.  After Plaintiff's December 2011 CT scan, his treating physician recommended a PET CT scan.  Plaintiff's PET CT scan was scheduled for March 2012, but Plaintiff did not submit the PET CT findings in his appeal  before the Appeals Council.

On this record the Court concludes the ALJ did not fail to fully develop the record.

## II. The ALJ did not give clear and convincing reasons for partially rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's

---

[3] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

10 - OPINION AND ORDER

testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified he could walk for only ten or fifteen minutes on flat ground, sit or stand for 30 to 45 minutes, lift up to 25 pounds if he held the item close to his chest, and has to lie down and stretch multiple times per day.  Plaintiff testified his limitations were due to his back pain and shortness

11 - OPINION AND ORDER

of breath.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause [Plaintiff's] alleged symptoms," but he concluded Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of his symptoms "are not credible to the extent they are inconsistent with the [RFC]."  Tr. 58.  The ALJ, however, did not address Plaintiff's testimony with any degree of specificity. The ALJ noted Plaintiff's reports to his treating physician that he gets short of breath with exertion, but the ALJ did not point to any evidence in the record that contradicts Plaintiff's statements.  The ALJ also did not acknowledge Plaintiff's complaints of back pain or point to any medical source that contradicted Plaintiff's assertion that he was limited by back pain.

On this record the Court finds the ALJ did not provide clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of his conditions.  The Court, therefore, concludes the ALJ erred when he rejected Plaintiff's testimony in part.

**III. The ALJ's vocational hypothetical to the VE was incomplete.**

Plaintiff asserts the ALJ erred when he failed to pose a complete hypothetical to the VE.  Specifically, Plaintiff asserts

12 - OPINION AND ORDER

the ALJ did not include all of the limitations identified by Plaintiff in the hypothetical.

Because the Court has concluded the ALJ improperly rejected Plaintiff's testimony, the Court also concludes the ALJ erred when he improperly failed to include all of Plaintiff's limitations in his hypothetical to the VE.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

13 - OPINION AND ORDER

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Because the ALJ did not set out specific reasons for rejecting Plaintiff's testimony nor identify the specific portions of Plaintiff's testimony that the ALJ found to be not credible, this Court cannot determine whether the ALJ had legally sufficient reasons for partially rejecting Plaintiff's testimony or whether the ALJ posed an inadequate hypothetical to the VE. In addition, the Court "cannot determine whether substantial evidence supports the ALJ's finding" that Plaintiff can perform his past relevant work and/or other work in the national economy, and, as a result, the Court concludes this matter must be remanded.

Accordingly, the Court remands this matter for further

14 - OPINION AND ORDER

administrative proceedings consistent with this Opinion and Order specifically to allow the ALJ to reevaluate Plaintiff's testimony, to provide legally sufficient reasons to support that evaluation, to pose a hypothetical to the VE that includes any limitations identified by the ALJ in his reevaluation, and to obtain additional testimony from the VE.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 8th day of April, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge